IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | MAG. NO. 22-00110-N |
| | * | |
| JOHN ANDREW BAZOR, JR. | * | |

### UNITED STATES' MOTION FOR PRETRIAL MENTAL HEALTH EXAMINATION

The United States, by and through Sean P. Costello, the United States Attorney for the Southern District of Alabama, files this motion pursuant to 18 U.S.C. §§ 4241(a) and 4242(a), and Federal Rule of Criminal Procedure 12.2(c), requesting that the Court order a pretrial mental health examination of the defendant, John Andrew Bazor, Jr. ("Bazor"), to determine whether he was insane at the time of the offenses alleged in the complaint, and whether he is currently competent to stand trial. As grounds for this motion, the United States asserts as follows:

On July 18, 2022, this Court held a probable-cause hearing following Bazor's federal arrest for allegedly making a threat to assassinate the President of the United States in violation of 18 U.S.C. § 871(a). At the hearing, for which Bazor was present, the Court heard testimony from U.S. Secret Service ("USSS") special agent Joseph V. Paul ("SA Paul") regarding the nature of Bazor's alleged threat—*i.e.*, "I am coming to assassinate the president; I can't wait to see your faces when I put a bullet in him." SA Paul also testified about Bazor's conduct after making the alleged threat and the circumstances of Bazor's arrest on July 18, 2022. During the hearing, Bazor had numerous outbursts, was uncooperative with his court-appointed counsel, had to be admonished by the Court several times to observe appropriate courtroom decorum, and appeared to be suffering from a potential mental health condition. Following the hearing, the Court found probable cause for Bazor's arrest and for further proceedings in this case.

On July 19, 2022, the Court authorized a criminal complaint against Bazor charging violations of 18 U.S.C. §§ 871(a) and 875(c). Doc. 1. The complaint was supported by an affidavit sworn by SA Paul detailing the nature and circumstances of Bazor's alleged conduct. Doc. 1-1. In particular, after making the alleged threat to the President on July 10, 2022, Bazor left incoherent voicemails with the USSS's Mobile Resident Office, visited the office and rambled about USSS having ruined his life, and reportedly visited the local office of the Federal Bureau of Investigation to lodge a complaint. *Id.*, PageID.3. USSS agents contacted Bazor's family members, who reported that Bazor had requested a vehicle to travel to Washington, D.C., and gave details regarding Bazor's prior involuntary commitments for mental health episodes, including potential paranoid schizophrenia and bi-polar disorder. It is unclear whether Bazor has ever been formally diagnosed with a mental health condition. *Id.*, PageID.4. Later, when agents attempted to get Bazor to respond to mental health counselors, Bazor refused and became combative and erratic. *Id.*, PageID.4–6. Agents arrested Bazor and the Court has scheduled a detention hearing for 3:00 pm on July 20, 2022.

Counsel for the United States has communicated with the case agent, SA Paul, who is collecting Bazor's available mental health records. Those records will be included in the discovery in this case. Counsel for the United States has also conferred with Bazor's court-appointed counsel, Gordon Armstrong, who did not indicate any opposition to Bazor being referred for a mental health examination. Given Mr. Armstrong's comments at the probable-cause hearing regarding Bazor's potential lack of criminal intent, the United States expects that Bazor may rely on the defense of insanity at the time of the alleged offenses. Although Bazor has not yet filed a written notice of insanity defense under Federal Rule of Criminal Procedure 12.2, the United States submits that a determination of potential insanity is nevertheless appropriate under the circumstances.

2

Based on the above-referenced facts, including Bazor's apparent prior history of mental health issues and his behavior, demeanor, and conduct at his initial appearance, the United States submits that, pursuant to 18 U.S.C. § 4241(a), there is reasonable cause to believe that Bazor may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Accordingly, the United States respectfully requests that the Court order Bazor to undergo a mental health examination in order to determine his present competence to stand trial pursuant to 18 U.S.C. § 4241(b), and whether he was insane at the time of the alleged offenses pursuant to 18 U.S.C. § 4242(a). The United States requests that the Court order Bazor's temporary commitment to the custody of the Attorney General, pursuant to the procedures set forth in 18 U.S.C. § 4247(b), to effect such examination. The United States further requests that, pursuant to the Speedy Trial Act provisions of 18 U.S.C. § 3161(h)(1)(A), the time required for Bazor's trial be tolled from the date of any order entered by the Court until the results of said examination are received by the Court. Such period of delay is reasonable and contemplated by 18 U.S.C. § 3161(h)(1)(A).

        Respectfully submitted,

        SEAN P. COSTELLO
        UNITED STATES ATTORNEY

        By: /s/ *Justin D. Roller*
        Justin D. Roller
        Assistant United States Attorney
        United States Attorney's Office
        63 S. Royal Street, Suite 600
        Mobile, Alabama  36602
        (251) 441-5845
        justin.roller@usdoj.gov